# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0353, <u>State of New Hampshire v. Scott LeBlanc</u>, the court on September 20, 2017, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Scott LeBlanc, appeals his convictions of aggravated felonious sexual assault, <u>see</u> RSA 632-A:2 (2016), arguing that the Superior Court (<u>Ruoff</u>, J.) erred in denying his request to admit into evidence video of the victim performing as an actor. He also argues that the Superior Court (<u>Nicolosi</u>, <u>Smukler</u>, <u>Howard</u> & <u>Ruoff</u>, JJ.) may have erred in failing to disclose, after its <u>in camera</u> review, records that may have been essential and reasonably necessary to his defense.

The defendant first argues that the trial court erred in excluding from the evidence video of the victim performing as an actor. After viewing the videos the defendant sought to introduce, the court found that they had "very little probative value" and "would be duplicative of the oral testimony." The court allowed the defendant to cross-examine the victim about the victim's acting abilities, but concluded that the videos were inadmissible under New Hampshire Rule of Evidence 403.

Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." <u>N.H. R. Ev.</u> 403. "We accord the trial court considerable deference in determining whether to admit or exclude evidence under Rule 403, and we will not disturb its decision absent an unsustainable exercise of discretion." <u>State v. Kuchman</u>, 168 N.H. 779, 789 (2016) (quotation omitted). "To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." <u>Id</u>. (quotation omitted).

The defendant argues that if the victim chose to make a false accusation, the victim's acting abilities would enable the victim to do so in a way that would seem credible. Thus, the defendant argues, the court erred in excluding the video evidence because its admission was necessary to allow the jury to

decide "whether and how much it should discount apparent markers of credibility it observed" in the victim's demeanor.

However, the court allowed the defendant to cross-examine the victim about the victim's acting abilities, and the victim admitted to being a good actor. The court also allowed the defendant to argue that the jury should discount the credibility of the victim based upon the victim's acting abilities. In his closing, the defendant argued that the victim's acting experience in fact "culminated in this courtroom." Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in excluding the video evidence. See State v. Kuchman, 168 N.H. at 789.

The defendant next argues that the trial court may have erred in failing to disclose, after its in camera review, records that may have been essential and reasonably necessary to his defense. The record shows that the trial court reviewed certain confidential records in camera, and ordered the disclosure of some of those records that it deemed essential and reasonably necessary to the defense. See State v. Guay, 162 N.H. 375, 385 (2011) (defendant entitled to information "essential and reasonably necessary to the defense at trial"). The defendant argues that the trial court may have erred by failing to disclose the records that it deemed were not essential and reasonably necessary to the defense. He argues that any information in the undisclosed records showing, for example, that he and the victim had a normal familial relationship, that the victim's accusations against him were inconsistent, that the victim made false accusations against others, or that the victim had a motive to make false accusations against him, would be "essential and reasonably necessary" to his defense.

We review a trial court's ruling on whether to disclose confidential records after an in camera review for an unsustainable exercise of discretion. Guay, 162 N.H. at 385. Having reviewed the undisclosed documents, we conclude that they are cumulative of the documents that were disclosed. We observe that the defendant did not use the disclosed documents at trial. Some of the undisclosed documents may have helped the prosecution rebut the defendant's theories. Based upon our review of the records, we are satisfied that the portions withheld contain no information that was essential and reasonably necessary to the defense. See id. Thus, we conclude that the trial court sustainably exercised its discretion in declining to disclose additional records.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

2